# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| RANDOLPH WILLIAM ROBINSON, | * | |
| Petitioner, | * | |
| | | CASE NO. 4:05-CR-36 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 4:08-CV-90009 CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Superseding Indictment was returned in this court on March 22, 2006, charging Petitioner Robinson with Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 in Count I, with Bank Robbery by Force or Violence in violation of 18 U.S.C. § 2113(a) in Count II, with Use of a Firearm During the Commission of a Criminal Offense in violation of 18 U.S.C. § 924(c) in Count III, and with being a Felon In Possession of a Firearm in violation of 18 U.S.C. § 922(g) in Count IV. (R-92). Petitioner was tried by jury and convicted of Counts I-III and acquitted as to Count IV on September 14, 2006. (R-122). Robinson was sentence to 60 months imprisonment and 77 months imprisonment as to Counts I and II respectively, to be served concurrently, and to 84 months imprisonment on Count III to be served consecutively for a total term of imprisonment of 161 months. (D-137). Robinson filed a direct appeal of his conviction and sentence, but the same were affirmed by the United States Court of Appeals for the Eleventh Circuit on August 16, 2007. (R-156). Petitioner did not seek *Writ of Certiorari* from the United States Supreme Court. However, on March 10, 2008, he timely filed the Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, presently before the court for determination. (R-159).

**Petitioner's Claims**

**I.**

Petitioner Robinson's **Ground One** claim is that his trial attorney was ineffective for not having moved to strike juror Number Three "for cause" after she had expressed doubt as to her ability to serve as a fair and impartial juror due to experiences on her job as a correctional officer. The trial transcript (R-146), at page 43, lines 25 through page 44, lines 1-3, shows that the Court allowed individual voir dire, by both the Government's Counsel and Petitioner's Counsel, of certain prospective jurors, first of which was Juror Number Three. Juror Number Three was questioned at the bench out of the hearing of the rest of the jurors (R-146 at 46, 47), where it was revealed that Juror Number Three had a son in Muscogee County Jail charged with robbery and awaiting trial; that she had another child who had had a "bad experience" with law enforcement; that she was presently employed as a correctional officer; and that she believed that those incidences and situations "probably would" affect her ability to be a fair and impartial juror in the case. Petitioner's Counsel asked Juror Number Three if she could follow the judges instructions to decide the case based on the law and the facts, to which the juror answered that she would try. (*Id.* at 51). Petitioner's Counsel then advised the court that he thought the juror could be fair and that he did not want to strike her for cause. (*Id.*).

It appears reasonable from Counsel's exchanges with the juror and the court that he made a tactical decision that the juror's children's bad experiences with law enforcement and her own experiences with inmates could make her a good juror for defense purposes, or at the least, he could force the Government to exhaust one of it peremptory strikes to keep such a juror off Petitioner's jury. The Government asserts in its Response to Petitioner's Motion To Vacate, Set Aside, or

2

Correct his Sentence Pursuant to 28 U.S.C.§ 2255, that it did, in fact, strike Juror Number Three and she did not serve on Petitioner's jury. In that case, Petitioner's would have no cause for complaint. In his reply, Petitioner does not dispute the Government's contention. However, he continues to argue that Juror Three should have been removed for cause from the panel. Whether the juror served or not, the situation supports a tactical defense strategy not to move to have the juror stricken for cause, which would (as it apparently did) force the Government to exercise one of its peremptory strikes to remove Juror Three, who was arguably a worse juror for the Government than she would have been for the Defendant.

Sound tactical decisions within the range of reasonable professional competence are not vulnerable to collateral attack. See, e.g. *Weber v. Israel,* 730 F. 2d 499, 508 (7th Cir. 1984) (choosing a defense is a matter of trial strategy), cert. denied, 469 U.S. 850, 105 S. Ct. 167 (1984); *United States v. Guerra,* 628 F.2d 410, 413 (5th Cir. 1980), cert. denied. 450 U.S. 934, 101 S. Ct. 1398 (1981). A tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983), cert. denied, 464 U.S. 1063, 104 S. Ct. 745 (1984); accord *Strickland v. Washington,* 466, U.S. 668, 690 (1984).

Tactical decisions made by counsel do not render assistance ineffective merely because, in retrospect, it is apparent that counsel chose the wrong course; *Adams v. Balkcom*, 688 F. 2d 734, 739 (11th Cir. 1982); see also *Alexander v. Dugger,* 841 F. 2d 371, 375 (11th Cir. 1988). Thus, a court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland,* 466 U.S. at 690.

Petitioner Robinson argues in his Reply (R-163 at 2) to the Government's Response that:

> There is a real possibility that her (Juror Three's) statements tainted jurors who were seated in the jury panel. Furthermore, the Petitioner's defense counsel failed to request Court to give curative instructions to rest of jury panel concerning Juror Three's statements.

Petitioner disregards that the inquiry of Juror Three occurred outside the hearing of the remainder of the jurors at a bench conference with a masking noise to keep the jurors from hearing what was being said. (R-146 at 43, 46).

Counsel's conduct was reasonable, and it has not been made to appear that no other reasonable attorney would have done as he did. Petitioner's Ground One claim of ineffective assistance of counsel is without merit.

## II.

**(A).** Taking Petitioner's claims in the order presented in his **Ground Two,** Robinson first contends that his counsel was deficient and prejudiced him by failing to cross-examine key witness, Larry Duffey, regarding the firearm used in the bank robbery.

A recitation of the standard of proof of ineffective assistance of counsel may be fitting at this point in the discussion of the several claims of same by Petitioner Robinson.

The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner must "show that there is a reasonable probability that, but for

4

counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694..... When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." *Atkins v. Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices ... that are arguably dictated by a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so. This burden, which is petitioner's to bear, is and is supposed to be a heavy one.

In regard to Robinson's present claim that his counsel was ineffective for failing to cross-examine witness, Larry Duffey, regarding the firearm used in the bank robbery, the witness's direct testimony must be weighed against Petitioner's avowed defense in the case to determine if Petitioner could, in fact, have been prejudiced by counsel's failure to cross-examine the witness as to the firearm used in the bank robbery.

Larry Duffey testified on direct examination that he was the branch bank manager of the Wachovia Bank located at 111 North Ockley St., Columbus, Georgia on September 9, 2005; that at approximately 9:20 a.m., a gentleman entered the bank in disguise carrying a small box which he sat on the floor and declared to be a bomb; that this person had a gun which was generally black and had a flourescent tip on the sight; that the gun illustrated in Government's Exhibit 18-I appeared to be the same type of gun as used in the bank robbery; that the robber pointed the gun at him at one point during the robbery; that after the robbery, the gentleman took the box and left the bank with approximately $7,600.00; and, that he did not know which way the robber went upon leaving the bank. (R-146 at 127-136).

Petitioner's counsel did cross-examined the witness, Larry Duffey, but did not inquire about

5

the gun involved in the robbery. (R-146 at 137-141). However, it should be noted that Witness Duffey testified clearly that he could only say that the Government's picture Exhibit 18-I appeared to be the same type of gun. It should also be noted that the witness had made no positive identification of anyone, nor did he linked Petitioner Robinson in any way to the bank robber or the robbery. He did not know where the robber had gotten the gun, where the robber had come from, nor where he had gone after the robbery. His testimony had not inculpated Robinson in any way. Moreover, Robinson's avowed defense, expressed in his counsel's opening statement to the jury was that Robinson was not involved in , nor in any way connected to, the bank robbery in question .

Petitioner Robinson's attorney elected not to cross-examine Witness Duffey, obviously because Duffey's testimony was not harmful to Petitioner Robinson, and to have done so, Counsel would have taken the chance that the witness would then have testified to something that could have been harmful to Robinson. Counsel's election not to cross-examine Duffey was clearly a tactical trial decision upon a sound basis and Petitioner Robinson cannot show that no other reasonable attorney would have done the same.

**(B).** As the second part of his Ground Two, Petitioner Robinson contends that his counsel was ineffective for "failing to prepare and present an adequate closing argument."

The district court may properly address a § 2255 motion under the two-part analysis of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). To prevail on an ineffective assistance of counsel claim, a defendant would have to show that his trial attorney's performance fell below an objective standard of reasonableness and that these unprofessional errors prejudiced the defense. *Id.* To show prejudice, the § 2255 petitioner must "show that there is a reasonable probably that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

6

A full reading of defense counsel's closing argument (R-149 at 28-60) reveals that counsel made scathing and lengthy, fact specific, attacks on the credibility of the two "co-conspirators" who had agreed to testify for the government, and pointed out inconsistencies in their testimony. It would be difficult to say what more defense counsel could have done, and Petitioner Robinson does not suggest specifically what counsel should have done differently. He merely makes the conclusory statements that counsel's closing argument was ineffective, unorganized, ill-prepared, rambling and disjointed. Of course, had Petitioner Robinson been acquitted of the charges against him, he would have found defense counsel's closing argument to have been effective. However, the effectiveness of a defendant's attorney's efforts are never determined by the jury's verdict, and conclusory attacks on a losing attorney's conduct, will not suffice as a showing of ineffective assistance of counsel. "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992). Petitioner Robinson has failed to suggest how his trial would have resulted differently if his counsel had made some other closing argument.

**(C).** Finally, in his Ground Two, Petitioner Robinson contends that his counsel was ineffective for failing to request adequate jury charge for aiding and abetting use of firearm in crime of violence in violation of § 924(c). Robinson argues in the Memo attached to his Motion (R- 159 at 15) that his counsel should have requested jury instruction addressing "heightened scienter" for finding guilt of a § 924(c) violation. He states:

> In *Bailey v. U.S.,* 516 U.S. 137, 116 S.Ct. 501, 509 [(1995)], the Supreme Court interpreted the language of § 924(c) and adopted the heightened mens rea requirement articulated in *U.S. v. Shea,* 150 F. 3d 50, (1st Cir. 1998) and *U.S. v. Spinney,* 65 F.3d 238 (1st Cir 1995), wherein those courts held that government must prove that person aiding and abetting must have known of a "practical certainty" that principal would (?) would be used during offense. The knowledge of

7

practical certainty requirement is much higher that the "reasonably foreseeable" standard (applied in § 371 and 2113(d) violations) delineated in *Pinkerton v. U.S.,* 328 U.S. 640, 647-48, 66 S.Ct. 1180 (1946).

First, Petitioner Robinson attempts to mislead the court here, inasmuch as the *Bailey* Court did not have either *Shea* or *Spinney* before it at the time of its consideration and decision of *Bailey,* nor could the court even cite these cases, since *Shea* was a 1998 case and *Spinney,* decide by the First Circuit in 1995, had not at that time reached the United States Supreme Court. The standard expressed for the Eleventh Circuit Courts is found in *Bazemore v. United States,* 138 F.3d 947, 948-49 (11Cir. 1998), as follows:

> Although the *Bailey* decision narrowed the scope of conduct qualifying for "use" of a firearm under section 924(c), nothing in the opinion suggests that it was intended to provided criminals with immunity from well-established doctrines of criminal law. Aider and Abettor liability for section 924(c) offenses was well established in the pre-*Bailey* jurisprudence of this Court, (citations omitted). Indeed, every court which has confronted the issue in the wake of *Bailey* has held that aider and abettor liability continues to attach to individuals who assist codefendants in using or carrying a weapon in connection with (violent offenses). (citations omitted).
> To prove aiding and abetting, the government must show "that a substantial offense was committed, that the defendant associated himself with the criminal venture, and that he committed some act which furthered the crime." *United States v. Hamlin,* 911 F.2d 551, 557 (11th Cir. 1990).

The Government produced witness, including the actually gun-wielding bank robber, McQueen himself, who put Petitioner Robinson in association with in association with McQueen, with knowledge of the gun and a bomb, and assisting him before and after the robbery. The credibility of witness is always for the jury to decide and they obviously decided that the evidence against Robinson on the issue of aiding and abetting was credible. *See United States v. Thompson,* 473 F.3d 1137, 1142 (11th Cir. 2006). Petitioner Robinson's insistence upon a jury charge on a

8

standard of proof which had no application in his case, cannot demonstrate either legal error or ineffective assistance of counsel. Counsel cannot be ineffective for not requesting the court to give inapplicable charges to the jury. Counsel cannot be considered ineffective for failing to raise claims that lack merit. *See Alvord v. Wainright,* 725 F.2d 1282, 1291 (11th Cir. 1984).

**(D)** Petitioner Robinson alleges both in this division of his Ground Two and in his **Ground Three** that there was insufficient evidence to sustain his conviction of aiding and abetting an 18 U.S.C. § 924(c) violation, and that his appellate counsel was ineffective for failing to raise cognizable claims of insufficiency of the evidence and the court's error in giving deficient jury instructions regarding the aiding and abetting standard of proof on direct appeal. As shown above, the Petitioner is mistaken as to the standard of proof required in the Eleventh Circuit for aiding and abetting a codenfendant in gun use or carrying charges connected with violent felonies. Therefore, the trial court did not give a deficient jury charge in regard to that issue, when it charged the jury according to the Eleventh Circuit Pattern Jury Instructions Criminal, Special Instruction No. 7. (R- 149 at IV -91, 92, 99, 100). Likewise, Petitioner's appellate counsel was not ineffective for failing to raise as error a different and inapplicable charge as urged now by Petitioner, nor was counsel ineffective for failing to raise the sufficiency of the evidence, when the Government presented all the connections necessary for a conviction of Petitioner as a conspirator in the bank robbery, if the jury chose to believe the government's witnesses, which it did. No error was available upon which counsel could have succeeded in reversing Petitioner's conviction. The jury is the arbiter of the facts and the credibility of the witnesses in all cases. *See United States v. Thompson,* 473 F.3d 1137, 1142 (11th Cir. 2006. Petitioner's claim of appellate ineffectiveness is without merit.

## IV.

Petitioner's Ground Four is a recap of his claims that the standard of proof of his aiding and abetting a § 924(c) offense "absent proof of an absolute certainty that the Petitioner knew principal was armed and would use firearm," is a distortion of the standard in the Eleventh Circuit, and for the reasons stated above in divisions II and III is totally without merit.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Robinson's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED.** Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 1ST day of July 2008.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE